Filed 3/6/13  P. v. Carranza CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ARMANDO REYNA CARRANZA, JR.,<br><br>    Defendant and Appellant. | F064142<br><br>(Super. Ct. Nos. VCF178296, VCF119158-03)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Gomes, J. and Kane, J.

Appellant, Armando Reyna Carranza, Jr., appeals from the denial of his motion to correct his abstract of judgments in case Nos. VCF178296 and VCF119158-03. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 17, 2004, in case No. VCF119158-03, Carranza pled guilty to making criminal threats (count 1/Pen. Code, § 422)[1] and assault with a firearm (count 2/§ 245, subd. (a)(2)) and admitted a personal use of a firearm enhancement (§ 12022.5, subd. (a)(1)) in count 1.

On July 15, 2004, the court placed Carranza on probation for three years on condition that he serve one year local time. The court also awarded him seven days of presentence custody credit consisting of five days presentence actual custody credit and two days of presentence conduct credit.

On May 29, 2007, in case No. VCF178296, Carranza pled no contest to assault with a deadly weapon (§ 245, subd. (a)(2)) and admitted a serious felony enhancement (§ 667, subd. (a)) and allegations that he had two prior convictions within the meaning of the three strikes law (§ 1170.12). Additionally, Carranza admitted violating his probation in case No. VCF119158-03.

On August 15, 2007, the court struck Carranza's two prior strike convictions and sentenced him to an aggregate seven-year term in both cases: in case No. VCF178296, the mitigated term of two years on Carranza's assault conviction and a five-year serious felony enhancement; and in case No. VCF119158-03, a concurrent, aggregate six-year term.[2] In case No. VCF178296, the court awarded Carranza presentence custody credit

---

[1] All further statutory references are to the Penal Code.

[2] The aggregate, concurrent term in case No. VCF119158-03 consisted of the middle term of two years on Carranza's terrorist threats conviction, the middle term of four years on the arming enhancement in that count, and a stayed three-year term on appellant's assault conviction.

of one day for a day he served in presentence actual custody, and in case No. VCF119158-03, the court awarded Carranza 333 days of presentence custody credit consisting of 223 days of presentence actual custody credit and 110 days of presentence conduct credit.[3]

On August 23, 2007, the court reduced appellant's award of presentence custody credit in case No. VCF1190158-03 to 256 days consisting of 223 days of presentence actual custody credit and 33 days of presentence conduct credit.[4]

On December 5, 2011, Carranza filed a pro se motion in the trial court to correct his abstract of judgment for both cases. In the moving papers, Carranza contends that in case No. VCF178296, he was entitled to 1,791 of presentence custody credit. This amount included presentence actual custody credit for the time he spent in custody from November 19, 2003, the date of his arrest in case No. VCF119158-03, through August 30, 2007, the date he was transported to prison to begin serving his sentence in both cases. With respect to case No. VCF119158-03, Carranza claimed the California Department of Corrections and Rehabilitation was not applying the 256 days the trial court awarded him in that case against the sentence imposed by the court.

On December 7, 2011, the court denied his motion.

Carranza's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the

---

[3] Carranza's probation report for both cases was filed in the trial court on August 8, 2007. The report indicates that in case No. VCF119158-03, Carranza was in custody six days from November 19, 2003, through November 24, 2003, and 217 days from March 21, 2005, through October 23, 2005. It also indicates that in case No. VCF178296, Carranza was in presentence custody only one day, i.e., on January 10, 2007.

[4] Section 2933.1 limits defendants convicted of violent felonies to earning a maximum of 15 percent presentence conduct credit (§ 2033.1, subd. (c)). The court reduced Carranza's award of presentence custody credit in case No. VCF119158-03, as Carranza's criminal threats conviction in that case was a violent felony because Carranza admitted a personal use of a firearm enhancement with respect to that offense. (§ 667.5, subd. (c)(8).)

3

record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Carranza has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The judgment is affirmed.